FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 MAR 21 P 4: 41

CLERK'S OFFICE
AT BALTIMORE

BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARSHALL K. MAINE | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JKB-14-787 |
| JUDGE W. NEWTON JACKSON, III | * | |
| STATE OF MARYLAND | | |
| WICOMICO COUNTY | * | |
| WICOMICO CO. DETENTION CENTER | | |
| (D.O.C.) EASTERN CORR. INST. E.C.I. | * | |
| Defendants. | | |

\*\*\*\*\*

## MEMORANDUM

On March 13, 2014, the court received a 42 U.S.C. § 1983 complaint packet from Marshall K. Maine (hereinafter referred to as "Maine"), who is currently confined at the Wicomico County Detention Center. Maine claims that his conviction was overturned by the intermediate Maryland appellate court in July of 2013, and he was transferred back to the local county detention facility to await re-trial. ECF No. 1.

Affording his complaint a generous construction, Maine seemingly complains that he is indigent and he is petitioning this court for representation and to investigate his claims "to validate my pursuit of a lawsuit" against defendants and "to grant a lawsuit in my favor." *Id.* at p. 3. He contends that the bail set by Circuit Court Judge Jackson is excessive; his due process rights are being violated; he was defamed by local print and electronic media who broadcast the criminal accusations made against him, placing him in danger and making it impossible for him to receive a fair trial; Judge Jackson did not properly instruct jurors and improperly refused his defense attorney's request for a mistrial; the state failed to locate and subpoena witnesses; and given the history of his

criminal case, it is unlikely that he will receive a fair trial.[1] ECF No. 1 at pgs. 4-10. He further complains that the state has approached him several times to register as a sex offender "for my release," but he has refused. *Id.* at p. 7. He seeks lost wages, $750.00 per day for each day of his confinement or $2,500,000.00 in damages, and to have the charges expunged from his record. *Id.* at p. 11. Maine has filed a motion for leave to proceed in forma pauperis and because he appears indigent, his motion shall be granted. His cause of action, however, construed as a hybrid 28 U.S.C. § 2241 petition and 42 U.S.C. § 1983 complaint, shall be summarily dismissed.

The Maryland Judiciary Case Search website confirms that on January 23, 2012, an indictment was issued charging Maine with the kidnapping of a child under sixteen, sexual solicitation of a minor, fourth-degree sex offense, second-degree assault, false imprisonment, and attempted third-degree sex offense. *See State v. Maine,* Criminal No. 22K12000051 (Circuit Court for Wicomico County). See www.casesearch.courts.state.md.us/inquiry. On or about May 29, 2012, Maine was acquitted of all charges with the exception of sexual solicitation of a minor and attempted third-degree sex offense. He was sentenced to five years on the merged charges. On July 2, 2013, however, the criminal judgment was vacated and remanded for a new trial by the Court of Special Appeals of Maryland. *Id.*

To the extent that Maine seeks federal court intervention in his pending state criminal re-trial, his case will again be construed as a 28 U.S.C. § 2241 petition for habeas corpus relief and dismissed. In the absence of extraordinary circumstances, a federal court must not interfere with

---

[1] Maine acknowledges that he filed a writ of habeas corpus in this court, attacking his continued confinement, and that the petition was summarily dismissed on February 10, 2014. *See Maine v. State,* Civil Action No. JKB-14-300 (D. Md.). Indeed, that petition was dismissed for the reasons set out herein.

ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). The abstention doctrine of *Younger* establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings unless extraordinary circumstances exist. *Younger*, 401 U.S. at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Newsome v. Broward County Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam) (unpublished). In the pre-trial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Further, pre-trial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. *See Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987). While the phrase "special circumstances" lacks any definition, courts have looked to whether procedures exist that would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Id.; see also Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979)

(double jeopardy claim entitled to pre-trial habeas intervention since "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449.

Maine's protestations to the contrary, he has raised no exceptional circumstances for interfering with the Wicomico County criminal case at this time. Habeas corpus relief will be denied without prejudice.[2]

Further, to the extent that Maine seeks damages under a 42 U.S.C. § 1983 civil rights action related to his confinement arising out of the Wicomico County charges, his convictions, and the remand and retrial of his sexual solicitation of a minor and attempted third-degree sex offense charges, he is barred from so doing. Assuming that a colorable constitutional claim has been stated, where an inmate's success in a § 1983 damages action would implicitly call into question the validity of the underlying conviction or duration of confinement, the inmate must first "achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Although Maine's convictions were overturned, he is being retried on the two

---

[2] When a district court dismisses a petition for habeas corpus solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Maine has not made the required showing and no certificate of appealability shall issue.

counts.[3] For reasons set out herein, this hybrid 42 U.S.C. § 1983 civil rights action is hereby dismissed. A separate Order follows dismissing this case without prejudice.

DATED this 21 day of March, 2014.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Judge

---

[3] Although *Heck* did not address the situation where a prisoner has had his conviction reversed but then faces re-trial, the Fifth Circuit has squarely addressed that situation on more than one occasion. *See, e.g., Clay v. Allen*, 242 F.3d 679 (5th Cir. 2001); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996). *Clay* and *Davis* establish that there is no per se rule against allowing a §1983 suit that grew out of an invalid conviction to move forward when plaintiff faces re-trial. Instead, applying *Heck*, the district court must look to the facts of the specific case at hand to determine whether a victory in the §1983 suit would impact the pending re-trial or potentially lead to inconsistent results. *See Clay*, 242 F.3d at 680. If no such conflict exists under the facts of the case, then the §1983 suit should go forward. *See id.* Where doubts exist, however, the district court has the discretion to stay the civil suit while the state criminal trial goes forward. *Davis*, 79 F.3d at 19 (citing *Heck*, 512 U.S. 477, 487 n. 8). Given the allegations raised by Maine and the fact that he was not released but was ordered held for re-trial and that he has not had a favorable termination, it is clear that a § 1983 decision rendered in his favor would impact his pending re-trial or lead to inconsistent results. Therefore, the *Heck* prohibition applies. *See also Payano v. Potter*, ___ F. App'x ___, 2014 WL 554544, at *2 (7th Cir. 2014) (unpublished); *Akers v. Bishop*, 65 F. App'x 952, 954 (6th Cir. 2003) (unpublished, citing *Heck* and ruling that plaintiff could not maintain civil rights action where he was convicted following re-trial); *accord DiBlasio v. City of New York*, 102 F.3d 654, 658 (2d Cir. 1996).

5